UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRECIOUS R. JOHNSON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 17-CV-10852

HON. GEORGE CARAM STEEH
MAG. JUDGE PATRICIA MORRIS

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. 20]

Plaintiff Precious R. Johnson challenges defendant Commissioner of Social Security's denial of his claim for social security disability insurance benefits (DIB). Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On December 20, 2017, Magistrate Judge Morris issued a report recommending that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff filed timely objections to that report which this court has duly considered. For the reasons set forth below, this court shall

- 1 -

accept and adopt the magistrate judge's report.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## ANALYSIS

Plaintiff raises two objections to the report and recommendation. The first objection relates to the ALJ's finding that the plaintiff could perform his past work as an inspector. The second objection concerns the ALJ's

rejection of plaintiff's walking and stooping limitations identified by Dr. Montasir.

I.   Objection No. 1

Plaintiff argued before the magistrate judge that the ALJ erred in finding that he could perform his past relevant work as an inspector. Plaintiff contends that he performed a composite job entailing duties of both an inspector and a production worker.  The magistrate judge acknowledged that the ALJ's written finding that plaintiff could perform his past work as an "inspector", as opposed to a "production worker" was "undoubtedly an error" but concluded that based on "a brief survey of the record" that error should be deemed harmless.  It is this conclusion that forms the basis of plaintiff's objection.

A claimant is found not disabled at Step Four if the Commissioner determines he can return to his past work either as it was actually performed or as it is generally performed in the national economy.  SSR 92-61; 20 C.F.R. § 404.1560(b)(2).  "The relevant inquiry is whether Plaintiff can return to her past *type* of work, not just her former job." *Yournet v. Comm'r of Soc. Sec.*, No. 07-13087, 2008 WL 3833685, at *6 (E.D. Mich. Aug. 13, 2008).  A composite job does not have a counterpart in the DOT because it has elements of two or more occupations.  SSR 82-

61. It may be necessary to utilize the services of a vocational expert ("VE") in situations involving a composite job. *Id.* "[A]n adjudicator can deny a claim at step 4 where the claimant remains capable of performing a composite job 'as actually performed,' but an ALJ is not permitted to make an adverse step 4 finding that the claimant remains capable of performing a composite job 'as generally performed.'" *Burgess v. Soc. Sec. Admin.*, No. 3:15-CV-00701, 2016 WL 5800467, at *4 (M.D. Tenn. Sept. 30, 2016) (quoting POMS DI 25005.020(B), *available at* 2011 WL 4753471).

The magistrate judge noted that the VE characterized plaintiff's past work "as a production worker, DOT 706.687-010. Unskilled, SVP 2. Light per the DOT, medium per the claimant." (Tr. 125). The magistrate judge compared plaintiff's description of his past work with the DOT's description of "production assembler" (a term used interchangeably with "production worker" by the ALJ, the VE and the magistrate judge) and found they were closely aligned. While the ALJ's comment at the hearing that plaintiff was doing two different jobs, production worker and inspector, shows his confusion, this was immediately clarified by plaintiff's testimony that the inspections he performed were superficial:

Attorney: . . . I think – was your job title an inspector, is that correct?

Plaintiff: Well, yeah, at the end, yeah. But I was only looking at the

>part. I wasn't using any –

>Attorney: Oh, was it visual inspection?

>Plaintiff: Correct.

>Attorney: Okay. Did you use any precision measuring instruments?

>Plaintiff: No.

>Attorney: Did you follow any blueprints or do any special measurements?

>Plaintiff: No.

(Tr. 107-08) The VE also heard plaintiff's testimony and opined that plaintiff had worked solely as a production worker. (Tr. 125)

In his objections, plaintiff cites to his work history report submitted with his disability application. In that report, plaintiff described his job as follows: "I pulled parts off of the assembly to insure that they were made correctly. After I inspected the part I placed the part on a tray that hold 72 parts. Once the tray is packed, I placed it on the assembly line." This description involves more detail than that given at the hearing before the ALJ, but it is consistent with a visual inspection that did not involve the use of any precision measuring instruments. The ALJ was permitted to accept plaintiff's testimony and to accept the VE's unwavering opinion that plaintiff worked as a production worker.

The "brief survey of the record' conducted by the magistrate judge indeed supports the conclusion that the ALJ's written opinion identifying plaintiff's past work as "inspector" rather than "production assembler" was a harmless error. Plaintiff had only one job from March 1984 to June 2013, and the title of that position was "inspector." The VE heard the plaintiff's description of his job duties and identified the work as "production worker," per the DOT. The ALJ relied on this testimony. On this basis, the magistrate judge concluded that the error in the ALJ's written opinion was best described as a typographical ambiguity, referencing plaintiff's prior job title instead of the applicable DOT description.

The court finds that plaintiff's objection is unavailing and that the ALJ's Step-Four finding that plaintiff could perform past relevant work as actually performed is supported by substantial evidence in the record.

II.     Objection No. 2

Plaintiff's second objection is to the magistrate judge's recommendation that the ALJ properly rejected the walking and stooping limitation identified by Dr. Montasir. First, plaintiff urges the court to reject the recommendation that "[t]he ALJ did not err in disregarding the stooping limitation Dr. Montasir proposed" simply due to the fact that the opinion was based on a "check-box form." Second, plaintiff objects to the notion that

the ALJ did not "err in expressly declining to adopt the walking limitation in Dr. Montasir's opinion as it was 'unduly restrictive and not supported by the record as a whole.'"  Plaintiff takes issue with the fact that the magistrate judge allegedly disregarded evidence never properly evaluated by the ALJ.

Dr. Montasir was not a treating source, but a consultative examiner. As such, the ALJ was only required to provide enough discussion to allow meaningful review of his reasoning for refusing to adopt Dr. Montasir's walking and stooping limitations.  By noting that Dr. Montasir did not address plaintiff's ability to stoop in his narrative evaluation, but rather marked it off in a check-box form, the ALJ was indicting the low value he placed on the restriction.  The evidence supports a finding that the ALJ did consider the limitation, but gave it very little weight.

As for the ALJ's decision not to adopt the walking limitation in Dr. Montasir's opinion, the magistrate judge noted that the ALJ considered the evidence that could support a walking limitation, but found that the counter evidence outweighed such limitation.  This included the finding by State agency physician Dr. Daniels that plaintiff could walk for six of eight hours in a work day. Plaintiff failed to challenge this opinion.

The court finds plaintiff's second objection to be unavailing.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 20).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 18) is GRANTED, plaintiff's objections (Doc. 21) are OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated: April 18, 2018

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk